IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD RANGEL SALAZAR, ) <br> ) <br> Petitioner, ) <br> ) <br> vs. ) <br> ) <br> DARRELL ADAMS, Warden, ) <br> ) <br> Respondent. ) <br> ) | No. C 05-3250 CRB (PR) <br><br> ORDER TO SHOW CAUSE <br><br> (Docs # 2 & 4) |

Petitioner, a state prisoner incarcerated at the California Substance Abuse Treatment Facility and State Prison, Corcoran ("SATF"), has filed a pro se petition for a writ of habeas corpus under 28 U.S.C. § 2254. He also seeks to proceed in forma pauperis under 28 U.S.C. § 1915.

**BACKGROUND**

Petitioner was convicted by a jury in the Superior Court of the State of California in and for the County of Santa Clara of two counts of aggravated sexual assault on a child under 14 and more than 10 years younger than petitioner (counts 1 & 2) and two counts of forcible lewd and lascivious conduct on a child under 14 (counts 3 & 4). The jury found true allegations that petitioner had committed the forcible lewd conduct on more than one victim in conjunction with counts 3 & 4. On September 24, 2002, petitioner was sentenced to 60 years to life in state prison.

Petitioner unsuccessfully appealed his conviction to the California Court of Appeal and the Supreme Court of California, which on May 12, 2004 denied review of a petition allegedly raising the same claims raised here

# DISCUSSION

## A. Standard of Review

This court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

It shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." Id. § 2243.

## B. Claims

Petitioner seeks federal habeas corpus relief by raising four claims: (1) violation of right to due process by admission of hearsay under the "fresh complaint doctrine," (2) violation of right to effective assistance of counsel by counsel's failure to make proper objections to petitioner's juvenile adjudication, (3) violation of right to due process by trial court's denial of petitioner's motion to dismiss counts 3 & 4; and (4) violation of right to due process by cumulative impact of errors. Liberally construed, the claims appear cognizable under § 2254 and merit an answer from respondent. See Zichko v. Idaho, 247 F.3d 1015, 1020 (9th Cir. 2001) (federal courts must construe pro se petitions for writs of habeas corpus liberally).

# CONCLUSION

For the foregoing reasons and for good cause shown,

1. Petitioner's request to proceed in forma pauperis (docs # 2 & 4) is GRANTED.

2. The clerk shall serve by certified mail a copy of this order and the petition and all attachments thereto on respondent and respondent's attorney, the

1 | Attorney General of the State of California.  The clerk also shall serve a copy of
2 | this order on petitioner.
3 |        3.     Respondent shall file with the court and serve on petitioner, within
4 | 60 days of the issuance of this order, an answer conforming in all respects to Rule
5 | 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of
6 | habeas corpus should not be granted.  Respondent shall file with the answer and
7 | serve on petitioner a copy of all portions of the state trial record that have been
8 | transcribed previously and that are relevant to a determination of the issues
9 | presented by the petition.
10 |       If petitioner wishes to respond to the answer, he shall do so by filing a
11 | traverse with the court and serving it on respondent within 30 days of his receipt
12 | of the answer.
13 |        4.     Respondent may file a motion to dismiss on procedural grounds in
14 | lieu of an answer, as set forth in the Advisory Committee Notes to  Rule 4 of the
15 | Rules Governing Section 2254 Cases.  If respondent files such a motion,
16 | petitioner shall file with the court and serve on respondent an opposition or
17 | statement of non-opposition within 30 days of receipt of the motion, and
18 | respondent shall file with the court and serve on petitioner a reply within 15 days
19 | of receipt of any opposition.
20 |        5.     Petitioner is reminded that all communications with the court must
21 | be served on respondent by mailing a true copy of the document to respondent's
22 | counsel.  Petitioner must also keep the court and all parties informed of any
23 | change of address.
24 | SO ORDERED.
25 | DATED:  Jan. 12, 2006
26 |                             CHARLES R. BREYER
                            United States District Judge